**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JESSICA PURCELL | : | Civil Action No. 3:21-cv-1068 |
| Plaintiff | : | |
| v. | : | |
| HALES COURT HOUSING, LLC | : | |
| Defendant | : | August 5, 2021 |

## **COMPLAINT**

Plaintiff Jessica Purcell brings this civil rights action for declaratory, injunctive, and monetary relief against Defendant Hales Court Housing, LLC ("Defendant") for unlawful discrimination on the basis of disability in violation of the federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and its Connecticut equivalent, Conn. Gen. Stat. §§ 46a-64c *et seq.* Defendant violated these fair housing laws by refusing to grant Plaintiff's request for a reasonable accommodation for her son, subjecting Plaintiff and her family to less favorable terms and conditions of tenancy on the basis of disability, otherwise making housing unavailable to them, and interfering with Plaintiff's fair housing rights by commencing an eviction proceeding against her family due to the presence of two emotional support animals in Plaintiff's home.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. § 1331 because the action arises under the laws of the United States, including 42 U.S.C. §§ 3601 *et seq.* This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution. This Court is authorized to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

2. Venue is proper under 28 U.S.C. § 1391(b) because the incidents giving rise to this action occurred within this judicial district.

## II.     PARTIES

3. Plaintiff Jessica Purcell is a natural person who resides in Westport, Connecticut.

4. Ms. Purcell and her three children reside in an apartment within the Village at Hales Court.

5. Ms. Purcell is a recipient of rental assistance through the Rental Assistance Payments program ("RAP") which pays part of her rent. The rental assistance is project-based, meaning that Ms. Purcell cannot take the rental assistance with her if she vacates her unit. Ms. Purcell is eligible for this assistance based on her income.

6. Defendant Hales Court Housing, LLC is the owner of record of the Village at Hales Court development, a housing development in Westport, Connecticut. The Westport Housing Authority is the sole member of Hales Court Housing, LLC. Upon information and belief, Hales Court Housing, LLC was constructed with the use of federal funding including through the HOME Program and Low-Income Housing Tax Credits.

## III.     LEGAL FRAMEWORK

7. The Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq. ("FHA") prohibits discrimination in the provision of housing services on the basis of "handicap" (hereinafter "disability").

8. Under the FHA, the term disability means, with respect to a person, a "physical or mental impairment which substantially limits one or more of such person's major life activities, a

record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h); 24 C.F.R. §100.201.

9. Mental impairment under the FHA includes "[a]ny mental or psychological disorder, such as … emotional or mental illness…" 24 C.F.R. § 100.201.

10. Major life activities include thinking, concentrating, learning, sleeping, communicating, interacting with others, and leaving one's home. 24 C.F.R. § 100.201.

11. The FHA prohibits conduct that would "make unavailable or deny, a dwelling to any buyer or renter because of a handicap" of that person or persons residing in or intending to reside that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(1).

12. The FHA provides that it is unlawful discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of the disability of that person or persons residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. §§ 3604(f)(1) & (2).

13. It is a violation of 42 U.S.C. § 3604(f)(2) for a housing provider to "refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

14. The FHA prohibits housing providers from "coerc[ing], intimidat[ing], threaten[ing], or interfer[ing] with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed … any right granted or protected by" the FHA. 42 U.S.C. § 3617.

15. Conn. Gen. Stat. §§ 46a-64c *et seq.* contains prohibitions on discrimination on the basis of disability and retaliation that are substantially equivalent to those contained in the federal Fair Housing Act. Conn. Gen. Stat. § 46a-64c(a)(3), (6), (9).

### IV.    FACTS

16. Plaintiff Jessica Purcell resides in Westport, Connecticut in a unit located within the Village at Hales Court development. Ms. Purcell has resided with her three children at Hales Court since 2012.

17. Defendant Hales Court Housing, LLC owns the Village at Hales Court development

18. Defendant has a policy that allows tenants to have one dog and two cats as pets. The policy also limits the weight of pet dogs to thirty pounds.

19. Two of Ms. Purcell's children are individuals with disabilities as that term is defined under federal and state fair housing laws.

20. Ms. Purcell's youngest child is presently 11 years old. Since about 2019, he has been experiencing anxiety for which he is being treated by a licensed psychologist and a psychiatrist.

21. Ms. Purcell's son's anxiety substantially limits his ability to think, attend school, learn, sleep, interact socially, and leave his home. The anxiety manifests itself physically and makes it painfully uncomfortable for him to wear shirts.

22. Since 2015, the Purcell family has included two dogs in their household.

23. The first dog, Roxy, a boxer, joined the Purcell household in or about August 2013. Ms. Purcell paid a $300 pet deposit and provided all the required paperwork required for adding a pet to her household.

24. In or around January 2015, Ms. Purcell and her family adopted their second dog, Maddie, a hound. Ms. Purcell provided Defendant with the dog's rabies vaccination certificate and Town of Westport registration via a rent payment dropbox.

25. At all times relevant Defendant knew of the presence and size of the two dogs in the Purcell household.

26. Each year, Ms. Purcell has provided Defendant with updated rabies vaccine documents and copies of the dogs' registration with the Town of Westport.

27. For many years, the dogs served as emotional support and assistance animals for Ms. Purcell's now 20-year-old daughter who has a degenerative neurological condition and mental health diagnoses, providing companionship and emotional support, and assisting her by performing tasks around her home such as retrieving dropped items and alerting her to noises inside and outside of the home that she may not hear due to a hearing impairment.

28. As a result of his anxiety, Ms. Purcell's son began relying on the dogs as emotional support animals in 2020 as his anxiety intensified. The dogs provide him companionship and comfort. He is bonded to both dogs. Among the emotional benefits for Ms. Purcell's son is the boost to his self-esteem from caring for them. As his condition has become more severe, his closeness to the dogs has allowed him to better connect to the world.

29. Although Defendant knew about the presence of the dogs for years, it wasn't until 2017 that Westport Housing Authority employee Amanda Sayegh demanded that Ms. Purcell remove both dogs because she believed they exceeded the weight restriction for pet dogs in Hales Court's pet policy. Her supervisor, Westport Housing Authority Executive Director Carol Martin, subsequently echoed this demand.

30. In response to Hales Court's demands, Ms. Purcell disclosed to Ms. Martin information about her daughter's disabilities and the dogs' roles as assistance animals and requested that, to the extent Hales Court considered the presence of the dogs, which weigh more than 30 pounds, to be a lease violation, that they make an exception to accommodate her daughter's disabilities.

31. Defendant recognized Ms. Purcell's daughter's disability status and informed Ms. Purcell it would refund her pet deposit and allow her to keep one dog weighing more than 30 pounds. However, it refused to grant her requested accommodation to allow her daughter to have both dogs as emotional support animals in September 2017.

32. Although Defendant subsequently served Ms. Purcell with a lease pre-termination notice in September 2017 and threatened to evict her in March 2018 based on the presence of the two dogs, Defendant ultimately completed lease renewal paperwork in connection with Plaintiff's RAP subsidy in 2018 and unconditionally renewed her lease in 2019 and 2020 and did not communicate with Ms. Purcell about the dogs for the next three years.

### MS. PURCELL'S REASONABLE ACCOMMODATION REQUEST FOR HER SON

33. Then, in March 2021, Defendant's agent, property manager Robin D'Errico, informed Ms. Purcell that her lease would not be renewed because she was not in good standing due to her violation of the pet policy and due to the presence of a shed in her yard.

34. Defendant sent Ms. Purcell a lease violation notice dated March 29, 2021.

35. Ms. Purcell removed the small plastic vertical storage shed immediately.

36. On April 14, 2021, Ms. Purcell, through counsel, requested Defendant make an exception to the pet policy as a reasonable accommodation of her son's chronic anxiety and provided a letter from her son's pediatrician and his psychologist in support of the request.

6

37. After receiving the reasonable accommodation request, Defendant, through counsel, sent Ms. Purcell a lease pretermination notice dated June 10, 2021, stating that her lease would terminate on July 10, 2021, due to her alleged violation of the pet policy and for allegedly having two sheds on her deck.

38. On June 15, 2021, Ms. Purcell, through counsel, contacted Defendant's attorney to request that Hales Court withdraw the pretermination notice in light of Ms. Purcell's reasonable accommodation request and to dispute the allegations about the sheds.

39. On June 22, 2021, Defendant, through counsel, refused to withdraw the pretermination notice citing the presence of the two dogs.

40. On July 7, 2021, Ms. Purcell, through counsel, provided additional medical documentation in support of her son's need for both dogs as emotional support animals.

41. The documentation included a detailed explanation of Ms. Purcell's son's disability status and how the dogs ameliorate the effects of his disability.

42. On July 9, 2021, Defendant's counsel informed Plaintiff's counsel that the parties had "reached an impasse" and that Defendant was moving forward with the eviction process.

43. On July 16, 2021, Defendant served Ms. Purcell with a notice to quit with a quit date of August 19, 2021.

44. The notice to quit lists four grounds: (a) Violation of the Lease and Pet Policy by the presence of one large dog over 30 pounds; (b) Occupancy of the premises by one who never had a right or privilege to occupy; (c) Occupancy of the premises by one who formerly had a right or privilege to occupy, but said right or privilege is terminated; (d) Lapse of time.

45. Pursuant to Connecticut landlord-tenant law, tenants with disabilities are protected from evictions without good cause and cannot be evicted for reasons other than those

specified in Conn. Gen. Stat. § 47a-23c. Accordingly grounds (b), (c), and (d) are impermissible grounds for eviction due to the disability statute.

46. Defendant's service of a notice to quit constitutes a denial of Ms. Purcell's reasonable accommodation request.

47. Defendant has never identified any undue financial or administrative burden or fundamental alteration that could justify its refusal to grant Ms. Purcell's reasonable accommodation request.

48. Granting Ms. Purcell's reasonable accommodation request would not impose an undue financial or administrative burden on Defendant. Defendant has tacitly allowed Ms. Purcell's household to include these two dogs for six years. Defendant has never alleged any behavioral issues with the dogs that might justify their removal.

49. Granting Ms. Purcell's request would not constitute a fundamental alternation of the nature of Defendant's serviced.

50. Upon information and belief, Defendant selectively enforces its pet policy and has allowed other households to maintain multiple dogs and oversized dogs while refusing to grant Ms. Purcell's reasonable accommodation request for permission to keep the two dogs as emotional support animals.

51. Defendant has acted and continues to act with willful disregard for Plaintiff and her family's civil rights.

52. As a result of Defendant's conduct, Plaintiff has suffered anxiety, embarrassment, humiliation, mental anguish, and emotional distress and faces the loss of her housing subsidy and her family's home.

## V. CLAIMS

## COUNT I

**Violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.**

53. Plaintiff incorporates by reference the allegations in paragraphs 1 – 52 as if fully set forth herein.

54. Defendant's practices, procedures, and actions as described above have violated and continue to violate the rights of Plaintiffs as guaranteed by the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.* by:

    a.    denying or otherwise making housing unavailable on the basis of disability in violation of 42 U.S.C. § 3604(f)(1);

    b.    discriminating on the basis of disability status in the terms, conditions, or privileges of the rental of a dwelling in violation of 42 U.S.C. § 3604(f)(2) including refusing to make a reasonable accommodation as required by 42 U.S.C. § 3604(f)(3)(B); and

    c.    coercing, intimidating, threatening, and interfering with Plaintiffs' exercise of their fair housing rights in violation of 42 U.S.C. § 3617.

## COUNT II

**Violation of Conn. Gen. Stat. §§ 46a-64c *et seq*.**

55. Plaintiffs incorporate by reference the allegations in paragraphs 1 – 52 as if fully set forth herein.

56. Defendants' practices, procedures, and actions as described above have violated and continue to violate the rights of Plaintiffs as guaranteed by Conn. Gen. Stat. § 46a-64c *et seq.* by:

a.  denying or otherwise making housing unavailable on the basis of disability in violation of Conn. Gen. Stat. § 46a-64c(a)(1);

b.  discriminating on the basis of disability status in the terms, conditions, or privileges of the rental of a dwelling in violation of Conn. Gen. Stat. § 46a-64c(a)(6)(B) including by refusing to make a reasonable accommodation as required by Conn. Gen. Stat. § 46a-64c(a)(6)(C)(ii); and

c.  coercing, intimidating, threatening, and interfering with Plaintiffs' exercise of their fair housing rights in violation of Conn. Gen. Stat. § 46a-64c(a)(9).

## **RELIEF**

Wherefore, Plaintiff requests that the Court:

a. Enter a declaratory judgment finding that the actions of Defendant alleged in the Complaint violate 42 U.S.C. §§ 3601 *et seq.* and Conn. Gen. Stat. §§ 46a-64c *et seq.*;

b. Enter a permanent injunction barring Defendant from continuing to engage in the illegal discriminatory conduct alleged in this Complaint;

c. Enter a permanent injunction requiring Defendant to grant Plaintiff's reasonable accommodation request for her son;

d. Enter a permanent injunction prohibiting Defendant from retaliating against Ms. Purcell and requiring Defendant to take all affirmative steps necessary to remedy the effects of the illegal discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

e. Award compensatory damages in an amount that would fully compensate Plaintiff for the anxiety, embarrassment, emotional distress, and mental anguish caused by

    Defendant's violations of the law alleged in the Complaint pursuant to 42 U.S.C. § 3613(c) and Conn. Gen. Stat. § 46a-98a;

  f. Award punitive damages in an amount that would punish Defendant for the willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter it from future discriminatory behavior pursuant to 42 U.S.C. § 3613(c) and Conn. Gen. Stat. § 46a-98a;

  g. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 3613(c) and Conn. Gen. Stat. § 46a-104; and

  h. Order all other relief deemed just and equitable by the Court.

Respectfully Submitted,

Plaintiff,

By Counsel: <u>/s/ Jessica Labrencis</u>
     Jessica Labrencis (ct29741)
     Greg Kirschner (ct26888)
     Connecticut Fair Housing Center
     60 Popieluszko Court
     Hartford, CT 06106
     (860) 247-4400 (Tel.)/(860) 247-4236 (Fax)
     jlabrencis@ctfairhousing.org
     gkirschner@ctfairhousing.org